1
2
3
4
5                         **UNITED STATES DISTRICT COURT**
6                                 **DISTRICT OF NEVADA**
7   SIE ERVINE,                                              2:10-CV-1494 JCM (RJJ)
8            Plaintiff,
9   v.
10  DESERT VIEW REGIONAL
11  MEDICAL CENTER HOLDINGS
    LLC., et al.,
12
13           Defendants.
14
15                                        **ORDER**

16    Presently before the court is plaintiff's motion for leave to amend pursuant to Federal Rule
17  of Civil Procedure 15(a). (Doc. #42). Defendants Georges Tannoury, Malin Kerry, Kerry Malin, and
18  Specialty Medical Center have responded (doc. #44), as has defendant Desert View Regional
19  Medical Center Holdings, LLC (doc. #45). Plaintiff has replied. (Doc. #46).
20    Under Federal Rule of Civil Procedure 15, a plaintiff may, without leave of court, amend his
21  complaint once within 21 days of service so long as the defendant has not filed an answer. Here,
22  plaintiff filed the complaint on September 1, 2010, (doc. #1), and the defendants have already filed
23  an answer (docs. #11, 12, 13). Accordingly, plaintiff properly requested leave to file a first amended
24  complaint.
25    Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given
26  when justice so requires." The local rules of federal practice in the District of Nevada qualify this
27  rule, and require that a plaintiff submit a proposed, amended complaint along with a motion to
28

**James C. Mahan**
**U.S. District Judge**

1  amend. LR 15-1(a).

2  Plaintiff has complied with the rule and filed a proposed amended complaint, which adds a claim alleging retaliation under the Americans with Disabilities Act (Doc. #43). As grounds for this new claim, plaintiff cites a sentence from the defendants' reply in support of the motion for summary judgment (doc. #36), which stated that the plaintiff would be prevented from seeking medical services from Specialty Medical Clinic because he had filed a civil rights lawsuit against it.[1] Plaintiff claims that threatening to refuse services following an attempted enforcement of one's rights under the ADA is per se retaliation.

Defendants retort that leave to amend should be denied because the amended complaint would not withstand a motion to dismiss. (Doc. #44). Plaintiffs were never denied medical care by the defendant, nor did Mr. Ervine ever present to Desert View Regional Medical Center for treatment of any kind after filing the complaint. Accordingly, there was never an opportunity for the defendant to tender a wrongful refusal to support a claim of retaliation, and plaintiff's allegation in the amended complaint that he "has been told that he will be refused medical treatment and or services by the Defendants" (doc. #43 at ¶ 68) is simply false.

The court agrees with defendant. No employee of the defendant is alleged to have made a retaliatory statement against the plaintiff, and the statement in the reply brief constitutes mere speculation on the part of defendant's counsel. Moreover, statements made by attorneys during the course of judicial proceedings are protected by judicial privilege. *See Circus Circus Hotels, Inc. v. Witherspoon*, 657 P.2d 101, 104 (Nev. 1983) (recounting the common law rule that communications expressed in the course of judicial proceedings are absolutely privileged so long as they relate to the subject of the controversy).

The policy rationale behind the rule is that the public's interest in promoting free speech in the judicial context "outweighs the risk that individuals will occasionally abuse the privilege...." *Id.*

---

[1] The paragraph reads: "Moreover, Mr. Ervine would be prevented from seeking medical treatment from Specialty Medical Center now, as it is doubtful they would provide medical treatment to a patient who is suing them in a federal civil rights lawsuit as there is an obvious conflict of interest." (Doc. #36 at 4:15–18).

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  Although this rule was established in the defamation context, the court finds it equally applicable
2  to the instant dispute. It is not in the public's interest to allow plaintiffs to create lawsuits out of
3  attorney argument, most notably in light of the fact that this plaintiff has cited no authority
4  demonstrating that a statement made by counsel in a legal brief would constitute a viable basis upon
5  which he may allege a retaliation claim.

6  Accordingly,

7  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to
8  amend (doc. #42) be, and the same hereby is, DENIED. Whereas plaintiff has filed the amended
9  complaint prior to the court's adjudication of this motion, the amended complaint (doc. #43) is
10 hereby ordered STRICKEN.

11 DATED June 28, 2011.

*[signature]*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -