UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SIE ERVINE,

       Plaintiff,

v.

DESERT VIEW REGIONAL
MEDICAL CENTER HOLDINGS
LLC., et al.,

       Defendants.

2:10-CV-1494 JCM (RJJ)

**ORDER**

Presently before the court is defendant Georges Tannoury, M.D., Kerry Malin, and Specialty Medical Center's (collectively "Tannoury") motion for summary judgment. (Doc. #50). Defendant Desert View Regional Medical Center Holdings, LLC ("Desert View") has filed a joinder. (Doc. #51). Plaintiff Sie Ervine has filed an opposition to the motion for summary judgment. (Doc. #53). Tannoury and Desert View have each filed a reply. (Docs. #55 and #56, respectively).

**Background**

On September 14, 2010, plaintiff filed a complaint against the defendants alleging violations of the Rehabilitation Act, 29 U.S.C. § 794; the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; and negligent infliction of emotional distress. Plaintiff filed the suit individually and as executor of his wife's, Charlene Elaine Ervine, estate.

Mrs. Ervine was deaf. Her doctor, Dr. Tannoury, allegedly refused to provide her with a sign language interpreter. On April 4, 2008, Mrs. Ervine reported her problems with Dr. Tannoury to the

**James C. Mahan**
**U.S. District Judge**

1  Deaf and Hard of Hearing Advocacy Resource Center. On June 10, 2008 Mrs. Ervine and the
2  DHHARC discussed retaining an attorney to represent Mrs. Ervine's interests with regard to her
3  dispute with Dr. Tannoury. On June 20, 2008, Mrs. Ervine again discussed the possibility of suing
4  Dr. Tannoury with the DHHARC for his refusal to pay for an interpreter. On June 24, 2008, the
5  DHHARC instructed Mrs. Ervine to contact the law office of attorney Kolias to obtain legal advice.
6  The DHHARC informed Mrs. Tannoury that the visit would be free of charge. Defendants contend
7  that these interactions establish that Mrs. Ervine's cause of action accrued as early as April, and as
8  late as July, 2008. However, because suit was not filed until September 2010, the two-year statute
9  had run and the action is untimely.

10  Plaintiff posits that the action is timely because each refusal to provide an interpreter is an
11  independent discriminatory act. Thus, because additional refusals occurred prior to September 2008,
12  the complaint was timely filed. Additionally, plaintiff argues that because each of the refusals were
13  part of a policy to discriminate against the deaf, and that policy was not uncovered by plaintiff until
14  November of 2008, all of the refusals are actionable and none are time-barred.

15  Tannoury also contends that because defendant Malin was only an employee of Specialty
16  Medical Center, he cannot be held individually liable under the ADA. Plaintiff has voluntarily
17  agreed to dismiss Malin from the suit.

18  Lastly, Tannoury contends that because he sold Specialty Medical Center in March of 2011
19  and it no longer conducts business, the request for injunctive relief against the clinic is moot.
20  Plaintiff counters that Dr. Tannoury is free to resume business at any time he pleases, and
21  nonetheless, Specialty Medical Center continues to operate, just under a different name and with a
22  different owner. Accordingly, plaintiff requests this court grant it leave to amend its complaint to
23  add Specialty Medical Center's successor to the action.

## DISCUSSION

25  Summary judgment is appropriate when, viewing the facts in the light most favorable to the
26  nonmoving party, there is no genuine issue of material fact, and the moving party is entitled to
27  judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV. P.
28

James C. Mahan
U.S. District Judge

- 2 -

1  56(c). A trial court can only consider admissible evidence in ruling on a motion for summary
2  judgment. *See* Fed.R.Civ.P. 56(e); *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th
3  Cir.1988). The moving party bears the burden of presenting authenticated evidence to demonstrate
4  the absence of any genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317,
5  323 (1986); *see Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002) (explaining that
6  authentication is a "'condition precedent to admissibility,'" and this condition is satisfied by
7  "'evidence sufficient to support a finding that the matter in question is what its proponent claims.'").

8  (1) Statute of Limitations

9  As the ADA does not contain a statute of limitations, this court must apply the statute of
10 limitations of the most analogous state law. *Pickern v. Holiday Quality Foods*, 293 F.3d 1133 (9th
11 Cir. 2002). The parties agree that NRS § 11.190(4)(e) is the most analogous state statutory period.
12 Section 11.190(4)(e) prescribes a two-year limitations period for personal injury or wrongful death.

13 To support their contentions regarding when Mrs. Ervine's claims accrued, defendants point
14 to entries in a DHHARC logbook that recite discussions and conversations DHHARC staff members
15 had with Mrs. Ervine. In these discussions, Mrs. Ervine recounts her interactions with Dr. Tannoury
16 and explains what her husband said to Dr. Tannoury.

17 Neither party, however, provides any case law or argument regarding the admissibility of this
18 evidence. The logbook is hearsay, and contains within it the hearsay statements of Mrs. Ervine.
19 Even if the logbook might be admissible under the business record exception to the hearsay rule
20 codified in Rule 803(6), it is being cited for the truth of matters which Mrs. Ervine allegedly said to
21 DHHARC staff members.

22 As a business record, the declarant in the DHHARC logbook would be the DHHARC
23 employee, not Mrs. Ervine. Thus, to the extent the logbook is being used to establish what transpired
24 between Mrs. Ervine, Mr. Ervine, and Dr. Tannoury, it contains a second level of hearsay. Evidence
25 containing multiple levels of hearsay is inadmissible for its truth unless each layer, analyzed
26 independently, falls within an established hearsay exception. Fed. R. Evid. 805.

27 . . .

28

**James C. Mahan**
**U.S. District Judge**

1    Because the parties have not cited any authority explaining why Mrs. Ervine's recitations of
2  her interactions with Dr. Tannoury, or her recitations of the interactions between her husband and
3  Dr. Tannoury, as contained in the logbook are not hearsay, this court declines to consider that
4  evidence. *See Orr* 285 F.3d at 773 (explaining that court may only review admissible evidence on
5  summary judgment). Disregarding the hearsay statements of Mrs. Ervine contained in the logbook,
6  this court cannot grant summary judgment for defendants on statute of limitations grounds. Without
7  these statements, defendants have not established that Mrs. Ervine's claim accrued between April
8  and July, 2008.

9    (2) Malin's Dismissal

10    Plaintiff has agreed to voluntarily dismiss defendant Kerry Malin from this action.

11    (3) Mootness

12    Defendant claims that because Specialty Medical Center has been sold and is no longer in
13  business, the case is moot because no injunction can issue against a party that does not exist.
14  Plaintiff counters that because Dr. Tannoury can resume business under the trade name Specialty
15  Medical Center at any time, the issue remains live. Citing *Friends for the Earth, Inc. v. Laidlaw*
16  *Env. Serv. (TOC), Inc.*, 528 U.S. 167, 189 (2000), plaintiff contends that the case is not moot because
17  it is not "absolutely clear that the allegedly wrongful behavior could not be expected to recur."

> "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979). "[T]he question is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether there can be any effective relief." *West v. Secretary of Dept. of Transp.*, 206 F.3d 920, 925 (9th Cir. 2000).

22    Mere voluntary cessation of allegedly illegal conduct does not moot a case. "[I]f it did, the
23  courts would be compelled to leave '[t]he defendant . . . free to return to his old ways.'" *Laidlaw*,
24  528 U.S. at 189 (quoting *United States v. W.T Grant Co.*, 345 U.S. 629, 632 (1953). Voluntary
25  conduct moots a case if it makes "it absolutely clear that the allegedly wrongful behavior could not
26  reasonably be expected to recur." *Id.* (quoting *United States v. Concentrated Phosphate Export*
27  *Assn.*, 393 U.S. 199, 203 (1968). This standard is stringent. *Id.*

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    In *Laidlaw*, the Supreme Court was presented with an action against a wastewater treatment plant under the Clean Water Act. 528 U.S. at 194. The defendant argued that the action was moot because the wastewater plant had already been shut down. The Court disagreed, holding that because the defendant retained its operation permit and could resume its illegal practices at any time, the controversy remained live. *Id.* at 194-95.

The instant facts are distinguishable from those in *Laidlaw*. Here, Dr. Tannoury has not merely shut down his medical practice. Rather, he has *sold* it. *See* Ex. F 10:23 - 11:16. Specialty Medical Center does not exist anymore. The practice is now owned by Health Care Partners of Nevada, an organization with which Dr. Tannoury has no ownership affiliation. *Id.* 11:14-16. In *Laidlaw*, the wastewater plant could resume business at any time. Here, however, Specialty Medical Center cannot easily resume business. The facilities have been sold to Health Care Partners. *Id.* 13:4-11. Though Dr. Tannoury continues to see patients in the building, he is now doing so as an independent contractor with Health Care Partners, not as the owner or employee of Specialty Medical Practice. *Id.* 12:16-24 and 16:12-21.

Thus, to the extent that plaintiff's claims allege that Dr. Tannoury, as a medical practitioner, violates the ADA, the claims remain live, because the alleged violating conduct could recur. *See Laidlaw*, 528 U.S. at 194-95. However, to the extent that plaintiff seeks an injunction against the now defunct Specialty Medical Practice, those claims are necessarily moot. Because Specialty Medical Practice is no longer in existence, it can no longer continue to violate the ADA or the allegedly illegal operations. *Id.* As such, any injunction against Specialty Medical Practice is a nullity.

(4) Leave to Amend

Plaintiff has sought leave to amend its complaint to add Health Care Partners as a party to the instant suit. The court will deny the request as procedurally improper and untimely. Pursuant to the local rules, any motion to amend pleadings must be brought as a separate motion and have attached the proposed amended pleading. LR 15-1. Plaintiff has failed to abide by these requirements. Moreover, plaintiff learned of the sale of Specialty Medical Practice on July 11, 2011.

James C. Mahan
U.S. District Judge

1  The deadline to file motions in this matter was August 26, 2011.  Accordingly, plaintiff should have
2  brought its motion to amend sooner.  In any event, the amended pleading would be futile as Health
3  Care Partners was not even in existence at the time the events underlying this litigation transpired,
4  and plaintiff has not shown how Health Care would be liable here.
5       Accordingly,
6       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion for
7  summary judgment (doc. #50) be, and the same hereby is, DENIED IN PART AND GRANTED IN
8  PART, consistent with the forgoing.
9       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's request to
10  amend its pleadings be, and the same hereby is, DENIED.
11      DATED October 17, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -