UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SIE ERVINE,

       Plaintiff,

v.

DESERT VIEW REGIONAL
MEDICAL CENTER HOLDINGS
LLC., et al.,

       Defendants.

2:10-CV-1494 JCM (GWF)

**ORDER**

    Presently before the court is defendant Dr. Georges Tannoury's motion for reconsideration of this court's partial denial of summary judgment. Doc. #58. Plaintiff Sie Ervine has filed an opposition to the motion (doc. #59), to which Dr. Tannoury has replied (doc. #62).

    Defendant Desert View Regional Medical Center has joined in Dr. Tannoury's motion to reconsider (doc. #60) and Mr. Ervine has opposed the joinder (doc. #61).

**Facts and Procedural Background**

    The facts and procedural history of this case are well-known to the litigants and only a short summary of necessary facts is required for present purposes.

    On September 14, 2010, Mr. Ervine filed a complaint against the defendants alleging violations of the Rehabilitation Act, 29 U.S.C. § 794; the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; and negligent infliction of emotional distress. The gravamen of Mr. Ervine's complaint is that defendants' refusal to provide his wife, who was deaf, with a sign language

**James C. Mahan**
**U.S. District Judge**

1 interpreter constituted unlawful discrimination. The defendants first moved for summary judgment on February 2, 2011. *See* doc. #33. This court denied that motion, because the parties failed to provide the court with properly documented evidence. *See* doc. #40.

Dr. Tannoury again moved for summary judgment on August 15, 2011, arguing that any cause of action arising from the failure to provide an interpreter is time-barred. Desert View joined in the motion for summary judgment. Defendants contended that Mrs. Ervine was made aware of her cause of action between April and July of 2008. As a result, her husband's suit, filed in September of 2010, does not meet the two-year statute of limitations.

This court granted in part, and denied in part, defendants' motion for summary judgment and the attendant joinder. The court denied summary judgment on statute of limitations grounds, finding that defendants had not submitted competent evidence establishing when Mrs. Ervine's cause of action accrued.

Defendants now move for reconsideration of this court's order, arguing that the Deaf and Hard of Hearing Advocacy Resource Center (DHHARC) logbooks this court refused to consider do not constitute hearsay; and even if they did, other admissible and authenticated evidence supports a finding that the claims are time-barred. This court disagrees with defendants' assertions regarding the logbooks. As explained below, the logbooks are not necessarily party-admissions, and without briefing and argument on the subject, this court will not find that they constitute nonhearsay. However, the court does agree with defendants' remaining contentions and therefore grants the motion. This court's order will first discuss the meritorious grounds of defendants' motion to reconsider and then explain why it refuses to find Mrs. Ervine's statements are party-admissions pursuant to Fed. R. Evid. 801(d)(2)(A).

**Discussion**

Motions for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). These circumstances are present where "the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* Defendants' current motion argues

**James C. Mahan
U.S. District Judge**

- 2 -

that this court committed error by not countenancing the evidence proffered in support of their motion.

> A. *Deposition Transcript of Mr. Ervine*

Mr. Ervine's deposition transcript establishes that his claims are time-barred. For example, during his deposition, Mr. Ervine stated that he was aware that Mrs. Ervine was not provided with an interpreter in 2007, and he knew the failure to provide an interpreter was wrong. *See* Dr. Tannoury's Mot. Reconsider, Ex. B at 211:8 - 212:5. This statement establishes that Mr. Ervine had reason to know of the injury in 2007, thus rendering the 2010 complaint time-barred pursuant to the applicable two-year statute of limitations.

Desert View made this argument in its joinder to the summary judgment motion, but failed to provide the court with an authenticated transcript of the deposition pursuant to the dictates of *Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002). This court's first order regarding summary judgment, issued April 22, 2011, had reminded the parties of the applicable standards for authenticating evidence and directed them to the *Orr* opinion. *See* Doc. 41. Nevertheless, Desert View chose to attach deposition transcripts that were not authenticated. Accordingly, this court did not take the deposition testimony into account.

On the motion to reconsider, however, Dr. Tannoury provided the court with a properly authenticated deposition transcript. The deposition transcript provides an alternative grounds for finding that the complaint is time-barred.

> B. *Hearsay Rules*
>
> 1. <u>FRE 801(d)(2)(B) – Adoptions or Belief In Truth</u>

In its joinder, defendant Desert View argues that Mrs. Ervine's statements are not hearsay because Mr. Ervine has already manifested a belief in the statements. Rule 801(d)(2)(B) exempts from the hearsay rule statements "of which the party has manifested an adoption or belief in its truth." Thus, if Mr. Ervine has manifested an adoption or belief in the truth of Mrs. Ervine's statements to the DHHARC, which Desert View maintains that he did, then the statements to which Mr. Ervine manifested a belief are exempted from the hearsay definition pursuant to Rule

- 3 -

1  801(d)(2(B).

2  In the second set of interrogatories served on Mr. Ervine, Interrogatory 21 asked:

3  When did Charlene Ervine first contact the Deaf and Hard of Hearing Advocacy Resource Center to discuss suing the [d]efendants?

*See* Desert View's Joinder, 3:7-8.

Mr. Ervine responded:

Executor does not know when Charlene Ervine first contacted the Deaf and Hard of Hearing Advocacy Resource Center to discuss suing defendants. However, executor has no reason to dispute Deaf and Hard of Hearing Advocacy Resource Center's records and documents.

*See* Desert View's Joinder, Ex. C.

Mr. Ervine's representation regarding Mrs. Ervine's contacts with the DHHARC establish that he has manifested an adoption and/or belief in the truth of Mrs. Ervine's statements contained within the logbook. Accordingly, Mrs. Ervine's statements contained therein are not hearsay and are properly admissible under Rule 801(d)(2)(B).

2.      FRE 801(d)(2)(A) – Admissions by Party-Opponent

Defendants' primary contention regarding why this court should reconsider its prior order, however, relied not on the deposition transcripts, or Rule 801(d)(2)(B), but to entries in a DHHARC logbook that recite discussions and conversations DHHARC staff members had with Mrs. Ervine. Defendants argue that these statements constitute party-admissions, and are therefore exempt from the hearsay admission. *See* Fed. R. Evid. 801(d0(2)(A). In these discussions, Mrs. Ervine recounts her interactions with Dr. Tannoury and explains what her husband said to Dr. Tannoury. Defendants contend that the statements illustrate when Mr. and Mrs. Ervine became aware of their claims, and are thus essential to the statute of limitations defense.

The logbook contains two layers of statements. The first layer is the statement of Mrs. Ervine to the DHHARC staff members. The second layer is the notes and writings of the staff members. The second layer falls under the business records exception to the hearsay rule. *See* Fed. R. Evid. 803(6). Thus, the only layer that requires the court's attention is Mrs. Ervine's statements, as contained in the logbook.

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  Defendants contend that Mrs. Ervine's statements are not hearsay, but are party admissions,
2  exempt from the hearsay rules pursuant to Rule 801(d)(2)(A). Without explicitly saying so, the
3  defendants seem to argue that Rule 801(d)(2)(A) applies because this action is being brought by Mrs.
4  Ervine's estate on behalf of Mrs. Ervine, rendering Mrs. Ervine a "party."

5  Defendants have not pointed this court to any case law establishing that Mrs. Ervine's
6  statements are admissible as non-hearsay admissions against her estate. There is a split of authority
7  on the issue.

8  For example, in *Huff v. White Motor Corp.*, 609 F.2d 286 (7th Cir. 1979), a wrongful death
9  action against a truck manufacturer, the court held that statements made by the decedent driver after
10 the accident were not excepted from the hearsay rule as an admission of a party-opponent. *Id.* at
11 290-91. The court explained:

> The admissibility of privity-based admissions in the federal courts is now controlled . . . by the Federal Rules of Evidence. . . . Privity-based admissions are within the definition of hearsay, Rule 801(c), an extra-judicial statement offered "to prove the truth of the matter asserted," and are not among the specifically defined kinds of admissions that despite Rule 801(c) are declared not to be hearsay in Rule 801(d)(2). Nor are they covered by any of the specific exceptions to the hearsay rule listed in Rules 803 and 804. Thus privity-based admissions are not admissible as such, if the rules are to be read literally. Moreover, the very explicitness of Rule 801(d)(2) suggests that the draftsmen did not intend to authorize the courts to add new categories of admissions to those stated in the rule. No standards for judicial improvisation or discretion are provided in Rule 801(d)(2), as they are in Rules 803(24) and 804(b)(5).

19 *Id.*; *see also In re Cornfield*, 365 F. Supp.2d 271 (E.D.N.Y. 2004) (holding same).

20 Other courts, however, have found that the death of a declarant does "[not] change the
21 applicability of Rule 801(d)(2)(A) or render [the declarant's] statements, in this context as statements
22 of a party opponent, hearsay." *See Swiss v. Stiglich*, 2008 WL 763015, *5 (N.D. Ind. 2008) (citing
23 *Savarese v. Agriss*, 883 F.2d 1194, 1200-01 (3d Cir. 1989) (holding that "impact of the declarant's
24 death impacts on the weight of the evidence rather than its admissibility")).

25 Both parties have ignored this split of authority regarding the applicability of Rule
26 801(d)(2)(A) in this context. With a bare citation to the evidentiary rules, Dr. Tannoury asks this
27 court to reconsider its prior ruling. If he seeks reversal, Dr. Tannoury must do more to convince this
28

**James C. Mahan**
**U.S. District Judge**

- 5 -

court that it clearly erred. Citation to the basic rule, while ignoring case law on this issue, is insufficient.

The court grants the motion to reconsider. Mr. Ervine's deposition transcripts, as well as his manifestation in the belief of the statements contained in the DHHARC logbook both establish that his claims are time-barred. Thus, despite defendants' failure to establish that Mrs. Ervine's statements contained in the logbook are exempt from the hearsay definition pursuant to Rule 801(d)(2)(A), the alternative grounds in their papers satisfy this court that the motion should be granted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Dr. Tannoury's motion to reconsider (doc. #58) and Desert View's joinder thereto (doc. #60), be, and the same hereby are, GRANTED.

IT IS FURTHER ORDERED that the portions of this court's order (doc. #57) denying summary judgment on statute of limitations grounds is vacated. Defendants are entitled to summary judgment as the claims of the estate are time-barred.

DATED December 8, 2011.

_____
UNITED STATES DISTRICT JUDGE