UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SIE ERVINE, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>DESERT VIEW REGIONAL MEDICAL CENTER HOLDINGS, LLC, et al.,<br><br>Defendant(s). | Case No. 2:10-CV-1494 JCM (GWF)<br><br>ORDER |

Presently before the court is a motion to reconsider filed by plaintiff Sie Ervine, who is named in his personal capacity and as executor of the estate of Charlene Ervine (hereinafter referred to as "plaintiffs," to afford consistency with the parties' filings). (ECF No. 124). Defendants Georges Tannoury, M.D. (a corporation) and Doctor Georges Tannoury (an individual) (collectively, "defendants") filed a response (ECF No. 137), to which plaintiffs replied (ECF No. 146).

I.  **Facts**

On September 14, 2010, plaintiffs filed an amended complaint. (ECF No. 4). Plaintiffs' amended complaint asserts federal causes of action under Section 504 of the Rehabilitation Act and Title III of the Americans with Disabilities Act ("ADA"), and state causes of action for negligent and intentional infliction of emotional distress. *Id.*

On December 8, 2011, the court dismissed plaintiffs' federal claims as being filed outside of the relevant statute of limitations. (ECF No. 64). Plaintiffs timely appealed, and the Ninth Circuit vacated in part and reversed in part. (ECF No. 71). The Ninth Circuit decision held that plaintiffs lacked standing to bring his claims under Title III of the ADA, and that plaintiffs' Section

**James C. Mahan**
**U.S. District Judge**

504 claims were not time-barred. *I*d. Thus, plaintiffs' remaining federal claims concern only Section 504 of the Rehabilitation Act.

On September 27, 2016, the court denied the parties' cross-motions for summary judgment on plaintiffs' Section 504 claims. (ECF No. 102). As to plaintiffs' state law claims, the court granted defendant Desert View's motion for summary judgment in part, thereby limiting the scope of plaintiffs' allowable claim for negligent infliction of emotional distress, but otherwise denied cross-motions for summary judgment. *Id.*

On August 23, 2017, plaintiffs filed the instant motion to reconsider.

**II.     Legal Standard**

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); see Fed. R. Civ. P. 60(b).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted).

**III.    Discussion**

Plaintiffs do not present an adequate ground for reconsideration. Plaintiffs present no change in controlling law, no showing of manifest injustice, and no newly discovered evidence. Further, plaintiffs failed to authenticate their exhibits in their motion for reconsideration.

Plaintiffs' motion inappropriately characterizes two cases as "intervening changes in the controlling case law." Plaintiffs first cite *Bonner v. Ariz. Dep't of Corr.*, 714 F. Supp. 420 (D. Ariz. 1989). A district court decision from 28 years ago does not qualify as a change in controlling

law for purposes of a motion to reconsider.[1] Similarly, plaintiffs' citation to the 11th Circuit's decision in *Silva v. Baptist Health S. Fla., Inc.*, 856 F.3d 824 (11th Cir. 2017) does not qualify as a change in controlling case law.[2]

Plaintiffs' motion fails to persuade the court that its prior order (ECF No. 102) presented clear error or was "manifestly unjust." Plaintiffs primarily rely on *Bonner II* and *Silva* to argue that the prior order was clearly erroneous and manifestly unjust. (*See, e.g.,* ECF No. 102 at 13, 18, 24). Therefore, as the court has already determined that *Bonner II* and *Silva* do not change controlling law, the court holds that plaintiffs' arguments regarding correcting clear error and manifest injustice do not present reasons to reconsider the court's prior order.

Plaintiffs also ask this court to reconsider its holding that plaintiffs were not entitled to judgment as a matter of law on their deliberate indifference argument. Plaintiffs assert that the court did not consider the deliberate indifference question in its initial order. The court considered the deliberate indifference question. holding that there was a dispute of fact as to whether the communication between defendants and decedent was adequate, which precluded summary judgment. (ECF No. 102) (citing *Duvall v. County of Kitsap*, 260 F.3d 1124, 1139–40 (9th Cir. 2001)). Plaintiffs present no adequate argument to overturn the court's holding.

Plaintiffs' motion does not reference any newly discovered evidence, and upon review the court sees none. Therefore, as plaintiffs do not offer adequate grounds for reconsideration, plaintiffs' motion to reconsider will be denied. *See ACandS, Inc.*, 5 F.3d at 1263.

---

[1] Further, even assuming a 28-year-old district court decision could constitute a change in the controlling law, plaintiffs' motion misstates the holding in *Bonner II*. Defendants pointed out as much in their opposition. The court in *Bonner II* stated that defendant was entitled to judgment as a matter of law if the department could establish that the plaintiff could effectively communicate without the use of a qualified interpreter. *Id.* at 423. This is not the same as saying that if the defendant were unable to establish as much at the summary judgment stage then the plaintiff would have been entitled to judgment as a matter of law.

[2] Additionally, as defendants' describe in their response to plaintiffs' objections, even if the court were to assume that *Silva* constituted binding precedent, the holding would not create a relevant change in controlling law. *Silva* discusses the "medically relevant information" standard as applied to effective communication claims and describes the analysis as highly fact intensive. *Id.* at 835–36. Plaintiffs make a legally frivolous argument in suggesting that *Silva* constitutes grounds for reconsideration.

James C. Mahan
U.S. District Judge

- 3 -

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion for reconsideration (ECF No. 124) be, and the same hereby is, DENIED.

DATED September 13, 2017.

_____
UNITED STATES DISTRICT JUDGE