UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SIE ERVINE, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>DESERT VIEW REGIONAL MEDICAL CENTER HOLDINGS, LLC, et al.,<br><br>Defendant(s). | Case No. 2:10-CV-1494 JCM (GWF)<br><br>ORDER |

Presently before the court are several motions *in limine* filed by defendants Georges Tannoury, M.D. (a corporation) and Dr. Georges Tannoury (an individual) (collectively, "defendants"). (ECF Nos. 127, 128, 129, 130, 131, 132, 133). Plaintiffs filed responses to defendants' first, second, third, fifth, and seventh motions.[1] (ECF Nos. 140, 141, 142, 143, 144).

Also before the court are two motions *in limine* filed by plaintiff Sie Ervine, who is named in his personal capacity and as executor of the estate of Charlene Ervine (hereinafter referred to as "plaintiffs," to afford consistency with the parties' filings). (ECF Nos. 134, 135). Defendants filed a response to plaintiffs' second motion *in limine*.[2] (ECF No. 138).

---

[1] Plaintiffs response to defendants' third motion *in limine* is styled as a response to defendants' third, fourth and sixth motions *in limine*. (ECF No. 142). The court need not decide whether this filing practice comports with the Local Rules. Assuming that it does, plaintiffs' filing does not provide an adequate basis for denying any of defendants' corresponding motions.

[2] Review of the ECF docket text suggests that defendant attempted to file responses to both of plaintiffs' motions *in limine*. (*See* ECF Nos. 138, 139). However, defendant filed the same response document twice, titled "Defendants…opposition to plaintiffs' motion in limine no. 2 to exclude irrelevant testimony or evidence of adequate medical care or treatment." *Id.* The document only addresses plaintiffs' second motion *in limine*. *Id.*

**James C. Mahan**
**U.S. District Judge**

Also before the court is plaintiffs' request for amendment of the parties' joint pretrial statement. (ECF No. 145).

**I.     Facts**

On September 14, 2010, plaintiffs filed an amended complaint. (ECF No. 4). Plaintiffs' amended complaint asserts federal causes of action under Section 504 of the Rehabilitation Act and Title III of the Americans with Disabilities Act ("ADA"), and state causes of action for negligent and intentional infliction of emotional distress. *Id.*

On December 8, 2011, the court dismissed plaintiffs' federal claims as being filed outside of the relevant statute of limitations. (ECF No. 64). Plaintiffs timely appealed, and the Ninth Circuit vacated in part and reversed in part. (ECF No. 71). The Ninth Circuit decision held that plaintiffs lacked standing to bring claims under Title III of the ADA, and that plaintiffs' Section 504 claims were not time-barred. *Id.* Thus, plaintiffs' remaining federal claims concern only Section 504 of the Rehabilitation Act.

On September 27, 2016, the court denied the parties' cross-motions for summary judgment on plaintiffs' Section 504 claims. (ECF No. 102). As to plaintiffs' state law claims, the court granted defendant Desert View's motion for summary judgment in part, thereby limiting the scope of plaintiffs' allowable claim for negligent infliction of emotional distress, but otherwise denied cross-motions for summary judgment. *Id.*

The case is currently set for trial on September 25, 2017. In anticipation, the parties filed the instant motions *in limine*.

**II.    Legal Standard**

*i.     Motion in limine*

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to exclude or admit evidence in advance of trial. *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion."). "[I]n limine rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

"Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-1649-JCM-CWH, 2013 WL 1701069, at *1 (D. Nev. Apr. 18, 2013).

### ii. *Relevance and the potential for unfair prejudice*

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Further "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

. . .

. . .

### iii. Expert testimony

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. FED. R. EVID. 702.

The district court serves a gatekeeper function in evaluating scientific testimony. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). When a district court is faced with a proffer of scientific testimony, it must make a preliminary determination under FRE 702 whether the reasoning or methodology underlying the testimony is scientifically valid. *Id.* at 592-93. A key question to be answered in determining whether a theory or technique is scientific knowledge that will assist the trier of fact will be whether it can be tested. *Id.* at 593.

The objective of this gatekeeping requirement is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). This gatekeeping requirement applies not only to scientific testimony but to all expert testimony covered by FRE 702. *Id.* at 147-49.

FRE 702 requires a valid connection to the pertinent inquiry as a precondition to admissibility. *Id.* at 149 (quoting *Daubert*, 509 U.S. at 592). And where such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question . . . the trial judge must determine whether the testimony has a reliable basis in the knowledge and experience of [the relevant] discipline. *Id.* (citations omitted). "[W]here foundational facts demonstrating relevancy or qualification are not sufficiently established, exclusion of proffered expert testimony is justified." *LuMetta v. United States Robotics, Inc.*, 824 F.2d 768, 771 (9th Cir. 1987).

. . .

**III. Discussion**

    *i.      Defendants' first motion in limine*

Defendant's first motion *in limine* seeks to exclude the expert testimony of Dr. Wendy Eastman.[3] (ECF No. 127). Defendants argue that Dr. Eastman's testimony is not relevant because plaintiffs' designation of Dr. Eastman as an expert, and Dr. Eastman's underlying report, focus on the Americans with Disabilities Act ("ADA") and its application to Mr. Ervine's claims. *Id.* Further, defendants argue that Dr. Eastman's opinions regarding compliance with federal regulations are not reliable because they are based on personal experience and because Dr. Eastman has no experience in federal regulation compliance.[4] *Id.* Plaintiffs respond that Dr. Eastman has extensive experience with communication in the medical field and her testimony is equally relevant to Section 504 claims as it would be to ADA claims. (ECF No. 140).

Defendants have not established that Dr. Eastman's testimony will be irrelevant. Dr. Eastman's report focuses on plaintiffs' ADA claims. This report was written in 2011, prior to dismissal of plaintiffs' ADA claims. (ECF No. 127-1 at 7–18 (Dr. Eastman's 2011 report). Given the similarity between the dismissed ADA claims and the active Section 504 claims, Dr. Eastman's testimony is likely both probative and material with respect to plaintiffs' outstanding claims.

Further, defendants have not shown that Dr. Eastman's anticipated testimony will be unreliable. Dr. Eastman is a neurologist who specializes in child neurology. Dr. Eastman has been deaf since birth. *Id.* at 5 (Dr. Eastman's CV). As a practicing physician, Dr. Eastman has spent much of her career focused on the relationship between medicine and hearing disabilities. *Id.* at

---

[3] Dr. Eastman recently changed her name from Wendy Osterling to Wendy Eastman. (ECF No. 145).

[4] There appears to be irreconcilable tension between the parties' positions on their own experts and their motions *in limine* to exclude the opposing party's experts. *Compare* (ECF No. 127) ("As a practicing physician in a non-rural area, [Dr. Eastman] does not have the background sufficient to opine regarding federal regulation compliance in a rural area such as Pahrump, NV. . . . Dr. [Eastman] has not disclosed or discussed any experience in federal regulation compliance whatsoever."), *and* (ECF No. 139-1) (defendants' expert disclosure related to Dr. Gollard), *with* (ECF No. 134) ("As a practicing physician in a non-rural area, [Dr. Gollard] does not have the background sufficient to opine regarding federal regulation compliance in a rural area such as Pahrump, NV . . . Dr. Gollard has not disclosed or discussed any experience in federal regulation compliance whatsoever."), *and* (ECF No. 140) (plaintiffs' response to defendants' motion to exclude Dr. Eastman's testimony).

4–5. At this stage of proceedings, the court cannot state that Dr. Eastman's testimony lacks sufficient indicia of reliability.

Defendants' motion does not make a strong enough showing of non-relevance or unreliability to merit exclusion of Dr. Eastman's testimony through a motion *in limine*.

  *ii. Defendants' second motion in limine*

Defendants' second motion *in limine* seeks to prevent plaintiffs' counsel from making "golden rule arguments, appeals to sympathy, and other inappropriate arguments." (ECF No. 130). Defendants' motion lists conduct that they argue should be inadmissible. (*See* ECF No. 130 at 5) ("The list of the impermissible conduct or statement [sic] and arguments applicable to this case is as follows: 1. Accusing experts, without any evidence, of committing perjury and personally attacking their credibility. 2. Improperly interjecting Plaintiffs counsel 's personal opinions about the Defendant, as well as giving his personal opinion as to the justness of his client's cause, and that of other plaintiffs claiming injuries. 3. Asking the jury to send a "message" to defense firms in town by giving a high award to the Plaintiff. 4. Asking the jury to place themselves in the position of the Plaintiff. 5. Sharing personal opinions as to justice, credibility, or culpability issues. 6. Asserting that this case is a crusade for justice or other, similar statements. 7. Arguing that Defendants wasted jurors' time or taxpayer money, or must take responsibility for their conduct. 8. Indicating that Defendants refused to take responsibility, refused to offer compensation, or have deep pockets."). Plaintiffs respond that defendants' motion is overbroad. (ECF No. 142).

Defendants' motion will be granted to the extent that it requests this court to exclude inappropriate arguments of counsel. Defendants' motion begins with a request for "an Order prohibiting counsel from offering any evidence or making any direct or indirect reference regarding jury nullification, personal opinion(s) about this case, or Golden Rule arguments." (ECF No. 130 at 3). However, defendants' motion then focuses entirely on the law governing arguments of counsel, and concludes with a prayer for relief to that effect. *Id.* at 3–5. Thus, this court considers defendants' motion a request to limit arguments of counsel so as to exclude inappropriate argumentation. This avoids any potential for overbreadth mentioned in plaintiffs' response.

The court will limit arguments of counsel at trial to relevant and proper facts and evidence of the case and the applicable governing law.[5] As "it is unlikely that any order *in limine* will act as a perfect prophylactic against impermissible argument," *White v. Ford Motor Co.*, Case No. CV-N-95-0279-DWH, 2003 WL 23353600, at *14 (D. Nev. Dec. 30, 2003), in order to preserve error at trial, counsel for either side should object to improper argument from opposing counsel.

   *iii. Defendants' third motion in limine*

Defendant's third motion *in limine* seeks to exclude references to, argument regarding, or evidence relating to defendants' insurance coverage. (ECF No. 129). "Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully." Fed. R. Evid. 411. Defendants' motion states that evidence of defendants' insurance does not relate to any admissible "exception" to the above rule (although it may be better to characterize the first sentence of FRE 411 as an exception to the general rule that all relevant evidence is admissible). (ECF No. 129). Plaintiffs' response to the motion does not dispute defendants' assertions that defendants' insurance cannot be used for any non-excludable purpose. (ECF No. 142). Therefore, defendants' motion is granted.

   *iv. Defendants' fourth motion in limine*

Defendants' fourth motion *in limine* seeks to exclude evidence or testimony regarding settlement negotiations or offers to settle. (ECF No. 131). Evidence of compromise offers and statements made during compromise negotiations is not admissible "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction." Fed. R. Evid. 408.

Here, defendants have engaged in multiple settlement conferences and informal negotiations with plaintiffs in an attempt to resolve plaintiffs' claims. (ECF No. 131). Defendant asks the court to exclude evidence of these negotiations. *Id.* Plaintiffs' response does not dispute that such evidence would be inadmissible. (ECF No. 142). Therefore, the court will grant defendants' fourth motion *in limine*.

---

[5] The court will apply the same standard to defendants' counsel, as the "limitation" that defendants request in essence asks the court to enforce the rules and law governing procedure and evidence at trial.

1    *v.    Defendants' fifth motion in limine*

Defendants' fifth motion *in limine* seeks to exclude all witnesses not specifically named and documents not previously identified in plaintiffs' disclosures currently on file. (ECF No. 128). Defendant argues that admission of such evidence or witness testimony would cause unfair surprise and substantial prejudice to defendants. *Id.* Plaintiffs' response states that plaintiffs "stipulate to a reasonable application of the [Federal] Rules [of Civil Procedure] to preserve order and judicial process but not overbroad in a way that would prejudice either party." (ECF No. 143 at 5).

Defendants' motion is substantially overbroad. The court will not make a blanket ruling at this stage that *anything* outside of plaintiffs' disclosures will *per se* cause unfair surprise and substantial prejudice to defendants. These determinations can only be made if and when plaintiffs attempt to introduce evidence or witness testimony not contained in their disclosures. Denial of defendants' fifth motion *in limine* is appropriate. *See Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-1649-JCM-CWH, 2013 WL 1701069, at *1 (D. Nev. Apr. 18, 2013) ("[W]ithout the context of trial, the court is unable to determine whether the evidence in question should be excluded.").

*vi.    Defendants' sixth motion in limine*

Defendants' sixth motion *in limine* seeks to exclude any potential reference or evidence offered by plaintiffs as to the size of defendants' law firm. (ECF No. 132). Defendant argues that this evidence should be excluded as irrelevant under FRE 402 and unfairly prejudicial under FRE 403. *Id.* Plaintiffs' response asserts that defendants' motion quotes no law or rule directly on point and did not provide an example of a case where mentioning the size of defendants' law firm has constituted unfair prejudice. (ECF No. 142 at 5).

Evidence of the size of defendants' law firm will likely be inadmissible at trial. Defendant asserts that this evidence is not relevant, and plaintiffs' response contains no reason why the size of defendants' retained counsel would be probative of or material to plaintiffs' claims. Further, assuming that it was relevant, the minimal probative value offered by such evidence would likely be substantially outweighed by the danger of unfair prejudice and confusion of the issues.

Therefore, the court will grant defendants' sixth motion *in limine* pursuant to FRE 402 and FRE 403.

        *vii.*     *Defendants' seventh motion in limine*

Defendants' seventh motion *in limine* seeks to exclude Deaf and Hard of Hearing Advocacy Resource Center ("DHHARC") records identified as DHHARC 001-61 ("the DHHARC records") under FRE 802 as hearsay not within an exception. (ECF No. 133). Defendants argue that the records are replete with hearsay, and offer two examples that defendants assert contain multiple levels of hearsay. *Id.* Plaintiffs claim that much of the evidence could be offered for relevant non-hearsay purposes. (ECF No. 144). Plaintiffs further argue that any potential hearsay problems fit within FRE 803(6)'s exception for records of a regularly conducted activity. *Id.*

Hearsay is an out of court statement offered to prove the truth of the matter asserted. FRE 801. The Federal Rules of Evidence exclude all hearsay statements that do not fit within a delineated hearsay exception. FRE 802. FRE 803(6) provides an exception to the rule against hearsay for records of a regularly conducted activity. FRE 803(6) provides as follows:

> A record of an act, event, condition, opinion, or diagnosis [is not excluded by the rule against hearsay] if:
>
> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

The DHHARC records contain DHHARC employee notes of conversations with Mrs. Ervine, other DHHARC employees, and medical providers and staff. (ECF No. 133-1). Plaintiffs response correctly asserts that some statements within the DHHARC records could be offered for purposes other than proving the truth of the matter asserted, and may thus fall outside the scope of

FRE 802. (ECF No. 144). Further, plaintiffs' response correctly identifies 803(6) as a possible exception to certain hearsay statements. *Id.* Plaintiffs attach to their response the declaration of a former custodian who states that he has reviewed the records and can verify the conditions for admission, as required by 803(6)(D). (ECF No. 144-1).

The court will thus deny defendants' motion *in limine*. *See Conboy*, No. 2:11-cv-1649-JCM-CWH, 2013 WL 1701069, at *1 (noting that denial of a motion *in limine* means only that, without the context of trial, the court cannot determine whether the evidence at issue should be excluded). Of course, as both parties accurately note, if there are ever multiple levels of hearsay present, plaintiffs would have to find a relevant exception for each level of hearsay if they wish to offer a statement for the truth of the matter asserted.

    *viii.    Plaintiffs' motions in limine*

Plaintiffs filed two motions *in limine*, seeking to exclude expert testimony and to prevent evidence as to whether the medical care received by Mrs. Ervine was adequate. (ECF Nos. 134, 135).

"Motions in limine will not be considered unless the movant attaches a statement certifying that the parties have participated in the meet-and-confer process and have been unable to resolve the matter without court action." LR 16-3(a). Plaintiffs failed to attach the proper statement to either motion. *Compare* (ECF Nos. 134, 135) (plaintiffs' motions), *with* (ECF Nos. 127, 128, 129, 130, 131, 132, 133) (defendants' motions). Therefore, the court cannot consider plaintiffs' motions.[6] *See* LR 16-3(a).

    *ix.    Plaintiffs' request to amend*

Plaintiffs' counsel filed a "request" to amend the parties' joint pretrial statement to add Dr. Eastman to plaintiffs' list of witnesses. (ECF No. 145). The court will grant plaintiffs' counsel leave to file an appropriate motion.

. . .

. . .

---

[6] A motion *in limine* may not be filed within 30 days of trial unless a court order authorizes such filing. LR 16-3(a). The court will not allow plaintiffs to re-file their motions *in limine*, as plaintiffs' motions are without merit.

### IV. Conclusion

Defendants presented adequate grounds for the court to grant their second, third, fourth, and sixth motions *in limine*. Defendants fail to demonstrate that exclusion of plaintiffs' expert is proper at this time. Defendants' request that the court prevent plaintiffs from introducing any evidence or expert testimony not already disclosed would require this court to render a premature and improper ruling that any such evidence is prejudicial and would cause unfair surprise. The DHHARC records may be admissible at trial, at least in part.

Plaintiffs failed to attach the requisite documentation to their motions in limine.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' first motion *in limine* (ECF No. 127) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' second motion *in limine* (ECF No. 128) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that defendants' third motion *in limine* (ECF No. 129) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' fourth motion *in limine* (ECF No. 130) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' fifth motion *in limine* (ECF No. 131) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' sixth motion *in limine* (ECF No. 132) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' seventh motion *in limine* (ECF No. 133) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiffs' first motion *in limine* (ECF No. 134) be, and the same hereby is, DENIED.

. . .

. . .

. . .

1    IT IS FURTHER ORDERED that plaintiffs' second motion *in limine* (ECF No. 135) be,
2 and the same hereby is, DENIED.
3    DATED September 13, 2017.

_____
UNITED STATES DISTRICT JUDGE